1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID SAMPSON HUNTER,                    No.  2:20-cv-0159 DB P

12                 Plaintiff,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    ROUSE, et al.,

15                 Defendants.

16

17          Plaintiff is a former county inmate presently confined in a state hospital proceeding pro se

18    with a civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis

19    pursuant to 28 U.S.C. § 1915.  Presently before the court is plaintiff's motion to proceed in forma

20    pauperis (ECF No. 4) and his motion for preliminary injunction (ECF No. 20).  For the reasons

21    set forth below, the court will recommend that plaintiff's motion to proceed in forma pauperis and

22    motion for preliminary injunction be denied.

23                  **MOTION TO PROCEED IN FORMA PAUPERIS**

24    **I.      In Forma Pauperis Statute**

25          The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

26    the commencement and prosecution of any suit without prepayment of fees by a person who

27    submits an affidavit indicating that the person is unable to pay such fees.  However,

28    ////

                                                 1

1

2

3

4

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5
28 U.S.C. § 1915(g).

6   This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

7   claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135

8   S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in

9   original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from

10   proceeding in forma pauperis unless he meets the exception for imminent danger of serious

11   physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this

12   exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was

13   faced with imminent danger of serious physical injury at the time his complaint was filed.  See

14   Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

15   **II.    Has Plaintiff Accrued Three Strikes?**

16   A review of the actions filed by plaintiff in this court reveal that plaintiff is subject to 28

17   U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the

18   time the complaint was filed, under imminent danger of serious physical injury.  Judges in this

19   court and others have previously found that plaintiff was designated a three strikes inmate in

20   2008.  See Hunter v. Imminent Danger Incidents, No. 3:07-cv-3692 MHP (N.D. Cal. Feb. 15,

21   2008); see also Hunter v. Paetzold, No. 5:14-cv-3233 PSG (N.D. Cal. Dec. 4, 2014); Hunter v.

22   Santa Rosa Sheriff's, No. 5:14-cv-5389 PSG (N.D. Cal. May 19, 2015); Hunter v. Superior Court,

23   No. 2:18-cv-1752 JAM EFB P (E.D. Cal. Feb. 8, 2019).  The court takes judicial notice of those

24   cases and plaintiff's prior filings describe therein.  Those cases include:

25

26

27

28

> (1) Hunter v. Marshall, N.D. Cal. Case No. C 95-982 MHP (civil rights action dismissed as factually and legally frivolous), (2) Hunter v. First Appellate District, N.D. Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion form construed as a civil rights action and dismissed as frivolous); and (3) Hunter v. Mandeville, N.D. Cal. Case No. C 95-2443 MHP (civil rights action dismissed for failure to state a claim).

1    Hunter v. Paetzold, 2014 U.S. Dist. LEXIS 197254, *2-3.  The strikes described, all occurred

2    prior to plaintiff's initiation of the present action on October 16, 2019.

3        **III.    Does Plaintiff Qualify for the Imminent Danger Exception?**

4        Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

5    pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

6    § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

7    faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493

8    F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

9    rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical

10   injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

11   under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical

12   injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

13   Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory

14   assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.

15   1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where

16   "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531

17   (7th Cir. 2002).

18       The court has reviewed plaintiff's complaint.  (ECF No. 1.)  Some of the allegations in the

19   complaint are non-sensical and others relate to another inmate that plaintiff refers to as his client.[1]

20   (Id. at 3-4.)  Plaintiff's central allegation appears to be that jail officials violated his rights by

21   stealing his legal mail.  He further claims that the mail was stolen in retaliation for his filing of

22   lawsuits in federal court.

23       Plaintiff also filed a document captioned "Motion in accordance to imminent danger."

24   (ECF No. 15.)  Therein, plaintiff describes an incident that occurred in February 2020.  (Id. at 2.)

---

25   [1] Plaintiff is advised that he cannot represent anyone other than himself.  See Johns v. County of
26   San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an
     attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d
27   696, 697 (9th Cir. 1987)); see also Simon v .Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008)
     (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative
28   capacity).

1    Because this filing concerns an incident that occurred several months after the complaint was

2    filed and is not related to the allegations in the complaint, it has no bearing on whether plaintiff

3    was under imminent danger at the time he filed the complaint.  Accordingly, the court has not

4    considered this filing in its analysis of whether plaintiff is entitled to the imminent danger

5    exception.

6         While plaintiff has concluded that he is under imminent danger (Id. at 5), the allegations

7    in the complaint fail to show that plaintiff was under imminent threat of serious physical injury at

8    the time he filed the complaint.  Accordingly, the court finds that plaintiff does not meet the

9    imminent danger exception under §1915(g), and may only proceed with this action if he pays the

10   filing fee.

11                        **MOTION FOR INJUNCTIVE RELIEF**

12        Plaintiff alleges on March 18, 2020, he spoke to an attorney over the phone regarding a

13   Keyhea[2] order.  (ECF No. 20 at 2.)  Plaintiff appears to dispute the findings of a reports related to

14   his mental health and requests "another preliminary injunction to overturn [an] illegal keyhea

15   reports . . . and transfer back to Sacramento."  (Id. at 3.)

16   **I.      Legal Standards**

17        A party requesting preliminary injunctive relief must show that "he is likely to succeed on

18   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

19   balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

20   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

21   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

22   Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

23        Alternatively, under the so-called sliding scale approach, as long as the plaintiff

24   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

25   public interest, a preliminary injunction may issue so long as serious questions going to the merits

26

27   [2] Keyhea v. Rushen, 178 Cal.App.3d 526, 223 (1986), sets forth the substantive and procedural
     safeguards which must be adhered to when the state seeks to involuntarily medicate state
28   prisoners with long-term psychotropic medications.

                                          4

1    of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

2    the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

3    "serious questions" version of the sliding scale test for preliminary injunctions remains viable

4    after Winter).

5          The principle purpose of preliminary injunctive relief is to preserve the court's power to

6    render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

7    Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

8    that the relief awarded is only temporary and there will be a full hearing on the merits of the

9    claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is

10   not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See

11   Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

12   may issue an injunction if it has personal jurisdiction over the parties and subject matter

13   jurisdiction over the claims . . . .").

14         In cases brought by prisoners involving conditions of confinement, any preliminary

15   injunction must be narrowly drawn, extend no further than necessary to correct the harm the court

16   finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

17   18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is

18   strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

19   (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

20   which he is not designated as a party . . . .").[3]

21         Further, preliminary injunctive relief is not appropriate until the court finds that the

22   plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,

23

24   [3] However, the fact that injunctive relief is sought from one not a party to litigation does not
     automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits
25   the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
     usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and
26   preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.
     1979).  The United States Supreme Court has authorized the use of the All Writs Act in
27   appropriate circumstances against persons or entities not a party to the underlying litigation.
     United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).
28

1    753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

2    jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not

3    attempt to determine the rights of persons not before the court.").

4    **II.      Analysis**

5           As discussed above, plaintiff's claim in this action appears to be based on an allegation

6    that Sacramento County Jail officials tampered with plaintiff's mail.  (See ECF No. 1 at 2.)

7    Plaintiff's motion for preliminary injunction concerns his request to be transferred from Napa

8    State Hospital to Sacramento County Jail.  Thus, it does not relate to his underlying claim in this

9    action.  Because his request is unrelated to his underlying claim, the court cannot grant plaintiff's

10   motion.  See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636

11   (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for

12   injunctive relief and the underlying claim itself.").  Accordingly, the court will recommend that

13   plaintiff's motion for preliminary injunction be denied.

14                                          **CONCLUSION**

15          For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly

16   assign a district judge to this action.

17          IT IS HEREBY RECOMMENDED that:

18      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be denied;

19      2.  The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this

20          action;

21      3.  The court order plaintiff to pay the $400 filing fee in order to proceed with this action; and

22      4.  Plaintiff's motion for preliminary injunction (ECF No. 20) be denied.

23          These findings and recommendations will be submitted to the United States District Judge

24   Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

25   after being served with these findings and recommendations, plaintiff may file written objections

26   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

27   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

28   ////

time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hunt0159.3strikes+pi