UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SAMPSON HUNTER, | No. 2:20-cv-0159 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| ROUSE, et al., | |
| Defendant. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. By order dated May 15, 2020, the United States District Judge assigned to this action found plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) prior to filing the present action, denied plaintiff's motion to proceed in forma pauperis, and directed plaintiff to pay the filing fee in full within forty-five days.

Those forty-five days have passed, and plaintiff has not paid the filing fee or requested additional time to pay the filing fee. Plaintiff has however filed a motion for injunctive relief (ECF No. 25) and a motion for court order regarding monetary damages (ECF No. 26). The court will address those motions and plaintiff's motion regarding imminent danger (ECF No. 15) as set forth below.

**I.      Motions re Imminent Danger and for Court Order**

Several months after filing the complaint, plaintiff filed a motion captioned "Pleading Motion in Accordance to Imminent Danger 28 U.S.C. § 1915(g) of Retaliation Malicious

1

Persecution set up as Reprimand." (ECF No. 15.) In this filing plaintiff describes an assault by a fellow inmate that occurred in February 2020. Plaintiff argues he meets the imminent danger exception based on this incident. Plaintiff has also filed a motion for court order. (ECF No. 26.) Plaintiff alleges he was attacked by another inmate on March 13, 2020, and therefore meets the imminent danger exception set forth in 28 U.S.C. § 1915(g). Plaintiff's underlying claim consists of allegations that defendants violated his rights when they stole his legal mail on two separate occasions in 2018 and 2019. (ECF No. 1.)

The Ninth Circuit has stated that "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Additionally, the District Judge assigned to this action has already ruled that plaintiff does not meet the imminent danger exception. (See ECF No. 24.) Accordingly, the court will deny plaintiff's motion regarding imminent danger (ECF No. 15) and his motion for court order (ECF No. 26). To the extent plaintiff feels that these separate incidents violate his rights and show that he meets the imminent danger exception, he may file separate civil actions based on those incidents.

**II.     Motion for Preliminary Injunction**

On May 15, 2020, the district judge determined that plaintiff had accrued three strikes prior to filing this action, denied plaintiff's motion to proceed in forma pauperis, and directed plaintiff to pay the filing fee within forty-five days. (ECF No. 24.) In response to that order, plaintiff filed a motion requesting a court order directing his bank to release funds to pay the filing fee. (ECF No. 25.) The court construes plaintiff's motion for preliminary injunction as a motion seeking additional time to pay the filing fee.

"For security reasons, state prisoners are not permitted to possess money while in prison. Should prisoners wish to have access to funds while incarcerated, inmates can choose to place their money in . . . an ITA [(inmate trust account)]." Schneider v. California Department of Corrections, 91 F.Supp.2d 1316, 1319 (N.D. Cal. Mar. 22, 2000) (citations and footnotes omitted) (vacated on other grounds by Schneider v. California Department of Corrections, 345 F.3d 716 (9th Cir. 2003)).

Plaintiff may request the funds be paid from his inmate trust account or request that a friend or family member pay the filing fee. Payments should be made out to United States District Court or Clerk, United States District Court. The court will grant plaintiff sixty days to arrange for payment of the filing fee.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion re imminent danger (ECF No. 15) is denied;

2. Plaintiff's motion for court order (ECF No. 26) is denied;

3. Plaintiff's motion for preliminary injunction is granted in part. Plaintiff shall have an additional sixty days to pay the filing fee as set forth in Section II above.

4. Failure to pay the filing fee within sixty days will result in a recommendation that this action be dismissed.

Dated: November 22, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hunt0159.imm.dang.fee

3