UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SAMPSON HUNTER,<br><br>    Plaintiff,<br><br>  v.<br><br>ROUSE, et al.,<br><br>    Defendant. | No. 2:20-cv-0159 WBS DB P<br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for reconsideration. (ECF No. 31.) For the reasons set forth below, the court will recommend that plaintiff's motion be denied.

By order dated May 15, 2020, the district court found that plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action. (ECF No. 24.) Plaintiff was directed to pay the filing fee within forty-five days. Thereafter, plaintiff sought and was granted additional time to pay the filing fee. (ECF Nos. 25, 30.) Plaintiff moved for an injunctive relief directing his bank to release funds to pay the filing fee. (ECF No. 25.) The court denied his request and provided instructions for paying the filing fee. (ECF No. 30.) Plaintiff has now filed a motion for reconsideration of that order. (ECF No. 31.) In support of his motion plaintiff states that he called his bank and was told that the bank would send the money if the court orders an attorney to receive the money or a court order to send the money. (Id.)

1

1   Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three
2   instances: (1) when there has been an intervening change of controlling law; (2) new evidence has
3   come to light; or (3) when necessary to correct a clear error or prevent manifest injustice.  School
4   District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

5   Plaintiff has largely raised the same arguments in his motion for reconsideration as he did
6   in his initial motion.  Additionally, "[a] federal court may issue an injunction if it has personal
7   jurisdiction over the parties and subject matter jurisdiction over the claims . . . ."  Zepeda v.
8   United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).  However, an injunction
9   against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v.
10  Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a
11  judgment . . . resulting from litigation in which he is not designated as a party . . . .").  Because
12  the bank is not a party to this action, the court does not have personal jurisdiction over the bank,
13  the court will deny plaintiff's motion for reconsideration of its November 22, 2020 findings and
14  recommendations.

15  As stated in the court's prior order plaintiff may request that the filing fee be paid from his
16  inmate trust account or request that a friend or family member pay the filing fee.  Payments
17  should be made out to the United States District Court or Clerk, United States District Court.

18  Accordingly, IT IS HEREBY ORDERED that:
19  1. Plaintiff's motion for reconsideration (ECF No. 31) is denied; and
20  2. Plaintiff's failure to pay the filing fee within thirty days of the date of this order will
21     result in a recommendation that this action be dismissed.

22  Dated:  March 10, 2021

25  DB:12
    DB:1/Orders/Prisoner/Civil.Rights/hunt0159.imm.dang.fee

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2